UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ORLANDO CARTER,
    Plaintiff,

vs.

UNITED STATES OF AMERICA, et al.,
    Defendants.

Case No. 1:16-cv-530
Barrett, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

    Plaintiff Orlando Carter brings this *pro se* action for injunctive relief against defendants United States of America and the United States Attorney's Office under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. This matter is before the court on defendants' motion to dismiss for lack of subject matter jurisdiction (Doc. 8) and plaintiff's response in opposition (Doc. 12).

**I. Background**

    In June 2010, the Court sentenced plaintiff to a total of 180 months' imprisonment after a jury found him guilty on 11 fraud-related counts. *See United States v. Carter*, Case No. 1:08-cr-51 (S.D. Ohio Jun. 9, 2010), Doc. 103 at 1-3.

    In the instant complaint, plaintiff alleges that in securing the convictions against him, the government used two exhibits that indicated there was a creditor-borrower relationship between PNC Bank and plaintiff's company in the amount of $4 million. (*See* Doc. 3 at ¶¶ 9-10). Plaintiff alleges that no such financial relationship existed and that his trial attorney admitted under oath in March 2014 that plaintiff's legal team "never challenged the validity or truthfulness of the Government Exhibits." (*Id.* at ¶ 13).

    Based on his belief that the relevant government exhibits used at his criminal trial were neither valid nor truthful, plaintiff alleges that he sent an FOIA request by certified mail to the

Cincinnati office of the United States Attorney for the Southern District of Ohio on February 8, 2016. (*Id.* at ¶ 14). In the request, plaintiff sought "certified and authenticated records" related to the alleged "$4,000,000 obligation the government claims [plaintiff] had with PNC in 2004." (*Id.*). Plaintiff alleges that defendants received the FOIA request on February 12, 2016, but had not responded to it as of his filing of the instant action on May 6, 2016. (*See id.* at ¶¶ 14-15). Plaintiff alleges he sent the FOIA request to the Cincinnati office of the United States Attorney, but asked that his request be forwarded to the "responsible government official for timely processing" pursuant to 28 C.F.R. § 16.4. (*Id.* at ¶ 16). Plaintiff has attached to his complaint a copy of his FOIA request dated February 8, 2016. (FOIA Request, Exh. A to Complaint, Doc. 3 at PAGEID# 62-64).

## II. Defendants' Motion to Dismiss

Defendants argue that plaintiff's complaint must be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) because plaintiff failed to exhaust his administrative remedies prior to filing this action. (Doc. 8 at 1). Defendants assert that the United States Attorney's Office for the Southern District of Ohio has no record of having received an FOIA request from plaintiff on February 12, 2016. (*Id.* at 2, 7). In support, they submit the declaration of deputy civil chief Matthew J. Horwitz, who attests that the electronic record system used by the Department of Justice to track and respond to FOIA requests "does not reflect that the letter at issue . . . was received by the United States Attorney's Office for the Southern District of Ohio or the Executive Office for United States Attorneys." (Declaration of Matthew J. Horwitz, Doc. 8-1). Defendants argue that even if plaintiff did make an FOIA request, he mailed it to the wrong office. (Doc. 8 at 7). Defendants contend that because they never received plaintiff's

2

FOIA request, "[t]he administrative exhaustion requirement has not yet been triggered in this case" and plaintiff cannot prove that the Court has subject matter jurisdiction. (*Id.* at 8).

Plaintiff disputes that he failed to exhaust his administrative remedies in this case. Plaintiff attests that he sent a certified letter regarding his FOIA request to the United States Attorney's office on February 8, 2016. (Doc. 10 at 1). Attached to plaintiff's declaration is a copy of a certified mail receipt postmarked February 9, 2016 for a piece of mail sent to the Cincinnati office of the United States Attorney. (*See* Doc. 10-1 at 1). Plaintiff has also submitted tracking information that indicates this mail was delivered to "Cincinnati, OH 45202" on February 12, 2016. (*Id.* at 2). Plaintiff argues that even if he mailed his FOIA request to the wrong office, defendants were required under 28 C.F.R. § 16.4 to forward the request to the appropriate office. (Doc. 12 at 6-7).

*The Jurisdictional Issue*

The first question the Court must answer is whether plaintiff's alleged failure to exhaust his administrative remedies deprives the Court of jurisdiction over this case. The FOIA provides, in relevant part:

> On complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

5 U.S.C. § 552(a)(4)(B). Exhaustion of administrative remedies is a "mandatory prerequisite" to filing a lawsuit under the FOIA. *Ning Ye v. Holder*, 624 F. Supp.2d 121, 123 (D.D.C. 2009) (quoting *Wilbur v. CIA*, 355 F.3d 675, 676 (D.C. Cir. 2004)). A person making an FOIA request "shall be deemed to have exhausted his administrative remedies" if the agency fails—absent exceptional circumstances—to determine within 20 days after receipt of the request whether to

comply with the request and "immediately notify the person making such request of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination." 5 U.S.C. § 552(a)(6)(A)(i), (C)(i).

In a 2001 opinion not selected for publication, the Sixth Circuit held that a plaintiff's failure to administratively exhaust an FOIA claim "deprived the district court of jurisdiction." *Reisman v. Bullard*, 14 F. App'x 377, 379 (6th Cir. 2001) (citing *In re Steele*, 799 F.2d 461, 465-66 (9th Cir. 1986); *Garrett v. United States*, 640 F.2d 24, 26 (6th Cir. 1981)). However, since the *Reisman* decision, the Supreme Court has repeatedly cautioned that courts should not treat a rule as jurisdictional unless Congress has "clearly state[d]" so. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 515-16 (2006). *Accord Sebelius v. Auburn Reg'l Med. Ctr.*, 133 S.Ct. 817, 824 (2013); *Henderson v. Shinseki*, 562 U.S. 428, 434-41 (2011); *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 161-66 (2010); *Union Pac. R.R. Co. v. Bhd. of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment, Cent. Region*, 558 U.S. 67, 81-86 (2009). Further, the other courts of appeals to consider the issue have concluded that exhaustion of administrative remedies is not a jurisdictional prerequisite to filing an FOIA action in federal court. *See, e.g., Hull v. I.R.S., U.S. Dep't of Treasury*, 656 F.3d 1174, 1181-82 (10th Cir. 2011); *Hidalgo v. FBI*, 344 F.3d 1256, 1258 (D.C. Cir. 2003); *Taylor v. Appleton*, 30 F.3d 1365, 1367 n.3 (11th Cir. 1994); *McDonnell v. United States*, 4 F.3d 1227, 1240 n.9 (3d Cir. 1993); *Matter of Lawrence*, 4 F.3d 996, 1993 WL 360952 at *2 n.3 (7th Cir. 1993) (table decision).

The Court finds that Congress has not given a clear statement that a plaintiff's failure to exhaust administrative remedies strips a federal court of jurisdiction to consider his complaint. *See* 5 U.S.C. § 552(a)(6)(C)(i). This is especially evident when the exhaustion provision in § 552(a)(6)(C)(i) is considered alongside the provision in § 552(a)(6)(E)(iv) concerning expedited

4

processing of FOIA requests, which does provide a clear statement that the courts are deprived of jurisdiction in certain other circumstances. *See* 5 U.S.C. § 552(a)(6)(E)(iv) ("A district court of the United States shall not have jurisdiction to review an agency denial of expedited processing of a request for records after the agency has provided a complete response to the request."). Given this analysis of the statutory text, the Supreme Court's repeated cautionary language narrowing jurisdictional dismissals in the absence of a clear statement from Congress, and the weight of persuasive authority, the Court finds that defendants' motion is not properly brought under Rule 12(b)(1) for lack of subject matter jurisdiction.

However, while a failure to exhaust administrative remedies is not grounds for a jurisdictional dismissal under Rule 12(b)(1), it may still be grounds for dismissal of plaintiff's complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. In considering a Rule 12(b)(6) motion, the Court may not ordinarily "consider matters beyond the complaint." *Kostrzewa v. City of Troy*, 247 F.3d 633, 643 (6th Cir. 2001). Nevertheless, the Court may consider evidence outside the complaint in ruling on a Rule 12(b)(6) motion by converting it to a motion for summary judgment. *Id.* "If the district court chooses to treat the motion as one for summary judgment, it must give the parties a reasonable opportunity to present all material made pertinent to such a motion by Rule 56." *Id.* at 644 (quotation omitted). A plaintiff may have received such a "reasonable opportunity" if he "file[d] any affidavits or other documents outside the pleadings that would give him notice that the district court might venture outside the pleadings." *Id.* Here, plaintiff received such a reasonable opportunity to present all material pertinent to the question whether he properly exhausted his administrative remedies, as evidenced by his filing a declaration in support, a certified mail receipt, and tracking information. (*See* Doc. 10 at 1; Doc. 10-1 at 1-2); *See Baldwin v. Wynne*, No. 3:08-cv-1, 2009

WL 1032850, at *2 (S.D. Ohio Apr. 16, 2009) (considering Rule 12(b)(6) motion under summary judgment principles where plaintiff "was given a full opportunity to present responsive matter outside the pleadings"). Accordingly, the Court will decide the motion to dismiss for failure to exhaust under summary judgment standards.

*Summary Judgment Standard*

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Under Federal Rule of Civil Procedure 56(c), a grant of summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Satterfield v. Tennessee*, 295 F.3d 611, 615 (6th Cir. 2002). The Court must evaluate the evidence, and all inferences drawn therefrom, in the light most favorable to the non-moving party. *Satterfield*, 295 F.3d at 615; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Little Caesar Enters., Inc. v. OPPC, LLC*, 219 F.3d 547, 551 (6th Cir. 2000).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249. The trial court need not search the entire record for material issues of fact, *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989), but must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

6

*Administrative Exhaustion under the FOIA*

The "FOIA provides for two different types of exhaustion, actual and constructive." *Ocon-Fierro v. Drug Enforcement Admin.*, No. 1:10-cv-1228, 2013 WL 869911, at *6 (W.D. Mich. Feb. 15, 2013) (Report and Recommendation) (quoting *Taylor*, 30 F.3d at 1368), *adopted* 2013 WL 868325 (W.D. Mich. March. 7, 2013). "Actual exhaustion occurs when the agency denies all or part of a party's document request. Constructive exhaustion occurs when certain statutory requirements are not met by the agency." *Id.* (quoting *Taylor*, 30 F.3d at 1368). "[A] person making a records request shall be deemed to have constructively exhausted his administrative remedies if the agency fails to respond within the statutory time limitations." *Miller v. Fed. Elections Comm'n*, No. 1:12-cv-242, 2013 WL 4243044, at *4 (S.D. Ohio Aug. 15, 2013) (citing 5 U.S.C. § 552(a)(6)(C)(i)).

"To prevail on a FOIA claim, a plaintiff must show that an agency improperly withheld agency records." *Tunchez v. U.S. Dep't of Justice*, 715 F. Supp.2d 49, 53 (D.D.C. 2010) (citing *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980)). "An agency cannot improperly withhold records if it did not receive a request for those records." *Id.* (citing *Ning Ye*, 624 F. Supp.2d at 123-24). The plaintiff bears the burden of establishing that the agency received the FOIA request. *See id.* (finding that a return receipt for mail or a letter of acknowledgment could constitute evidence to establish that an agency received an FOIA request).

Here, plaintiff has failed to meet his burden of establishing that the United States Attorney's Office received his FOIA request. Defendants have submitted the affidavit of Mr. Horwitz, who attests that the United States Attorney's Office has no record of having received plaintiff's FOIA request. (*See* Doc. 8-1). In response, plaintiff has provided the Court with

7

evidence—in the form of a certified mail receipt—that he mailed an item to the Cincinnati office of the United States Attorney. (*See* Doc. 10-1 at 1). However, he has not provided the Court with sufficient evidence to establish that the United States Attorney received that piece of mail, such as a return receipt for that mail or a letter of acknowledgment. *See Tunchez*, 715 F. Supp.2d at 53. In fact, the certified mail receipt that plaintiff has submitted shows that he did not purchase return receipt service. (*See* Doc. 10-1 at 1). While plaintiff has submitted tracking information from the United States Postal Service's website, this is insufficient to establish that the agency actually received plaintiff's request. The tracking information shows only that the item was delivered to somewhere in "Cincinnati, OH 45202," not the specific address of the Cincinnati office of the United States Attorney. (*See id.* at 2).

In reaching this conclusion, the Court finds persuasive the reasoning in *Ning Ye*. In that case, the plaintiff presented a copy of a letter from FedEx to an unidentified "FedEx Customer," stating that on a specific date, "M. Parris" signed for a parcel in Washington D.C. *Ning Ye*, 624 F. Supp.2d at 124. The court found that this letter failed to create a disputed issue of fact regarding whether the agency received the FOIA request because the letter did "not identify the shipper, the addressee, the parcel, or the relationship between 'M. Parris' and the unknown addressee." *Id.* Therefore, the court found "no basis to discredit" the agency's sworn declaration that it had no record of the FOIA request. *Id.* Similarly, the tracking information that plaintiff has submitted in this case does not show the address to which the item was delivered, nor that anyone signed for it. Thus, because plaintiff has failed to establish that the United States Attorney received his FOIA request, he has not exhausted his administrative remedies. *See id.* (citing *West v. Jackson*, 448 F. Supp.2d 207, 211 (D.D.C. 2006)).

8

Accordingly, defendants' motion to dismiss, considered under summary judgment standards, should be granted and plaintiff's FOIA claim should be dismissed without prejudice.[1]

### III. Conclusion

Based on the foregoing, it is **RECOMMENDED** that defendants' motion to dismiss be **GRANTED**.

Date: 8/16/16

Karen L. Litkovitz
United States Magistrate Judge

---

[1] Should plaintiff still wish to pursue an FOIA request with the United States Attorney, he could begin the process again by resubmitting the request and ensuring receipt. "Depending on the outcome of th[is] request[], [plaintiff] could certainly file another FOIA-related lawsuit" if the United States Attorney's Office fails to comply with the requirements of the FOIA and plaintiff exhausts his administrative remedies concerning a resubmitted request. *Ning Ye*, 624 F. Supp.2d at 124 n.2.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ORLANDO CARTER,
    Plaintiff,

vs.

UNITED STATES OF AMERICA, et al.,
    Defendants.

Case No: 1:16-cv-530
Barrett, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).