UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

|  |  |  |
|---|---|---|
| **ORLANDO CARTER**, | : | Case No. 1:16CV530 |
|  | : | District Judge Michael R. Barrett |
| Plaintiff, | : | Magistrate Judge Karen L. Litkovitz |
| v. | : |  |
| **UNITED STATES OF AMERICA, et al.**, | : |  |
| Defendants. | : |  |

## OPINION & ORDER

Plaintiff Orlando Carter asserts a single cause of action under the Freedom of Information Act, claiming that he is entitled to an Order compelling production of documents he requested – but has not received – from the United States Attorney's Office ("USAO") in Cincinnati, Ohio. (Doc. 3, ¶15). This matter is before the Court on: (1) Plaintiff's objections to the Magistrate Judge's report recommending dismissal of Plaintiff's Verified Complaint pursuant to Fed. R. Civ. P. 56 (Doc. 17); and (2) Plaintiff's Motion to Amend/Supplement Original Complaint ("Motion to Amend") (Doc. 9).[1]

### I. FACTUAL BACKGROUND

In June 2010, Plaintiff Orlando Carter was sentenced to a total of 180 months'

---

[1] All pre-trial matters, including the Motion to Amend, are properly pending before the Magistrate Judge. However, in order to resolve related issues together, this Court will consider Plaintiff's Motion to Amend in conjunction with his objections to the R&R recommending dismissal of his Verified Complaint.

1

imprisonment after a jury found him guilty on 11 fraud-related counts. United States v. Carter, No. 1:08-cr-51 (S.D. Ohio Jun. 9, 2010). Plaintiff alleges that, in securing the convictions against him, the government used two exhibits at trial that indicated there was a creditor-borrower relationship between PNC Bank and Plaintiff's company in the amount of $4 million. (Doc. 3, ¶¶9-10). To support his belief that the exhibits used at trial were not "valid" or "truthful" (Doc. 3, ¶13), Plaintiff claims that he submitted valid FOIA requests to the USAO in Cincinnati on February 8, 2016, seeking "certified and authenticated" records relating to the alleged "$4,000,000 obligation the government claims [Plaintiff's company] had with PNC in 2004." (Doc. 3, ¶14).

Plaintiff asserts that he never received a response to his February 8, 2016 FOIA requests, and that he is entitled to judicial review and an order compelling the government to respond because he constructively exhausted his administrative remedies. To support his allegation that his FOIA requests were indeed sent to and received by Defendants, Plaintiff offers: (1) his Verified Complaint attaching a copy of his February 8, 2016 FOIA requests addressed to the United States Attorney's Office, 221 East 4th Street, Suite 400, Cincinnati Ohio 45202, (2) a June 10, 2016 declaration (Doc. 10) attesting that the FOIA requests were sent to the foregoing address via certified mail with tracking number 7007 3020 0002 0305 6504; (3) a copy of Plaintiff's certified mail receipt (Doc. 10-1, PAGEID# 117) with the foregoing tracking number; and (4) a printout of tracking information (Doc. 10-1, PAGEID# 118) showing delivery of the package associated with the foregoing number on February 12, 2016 at 1:43 p.m. in Cincinnati, Ohio 45202. Defendants have submitted their own declaration, in which the Cincinnati USAO's Deputy Civil Chief states that the USAO's tracking system "does not reflect that the letter at issue . . . was received by the [USAO] for the Southern District of Ohio or the Executive Office

for the United States Attorneys."  (Doc. 8-1, PAGEID# 103).

## II. PROCEDURAL BACKGROUND

### a. Motion to Dismiss/Motion to Amend

On June 9, 2016, Defendants filed a motion to dismiss Plaintiff's Verified Complaint for lack of subject matter jurisdiction, arguing that the Court lacked jurisdiction over the matter because Plaintiff failed to exhaust administrative remedies before filing the instant action.  Specifically, Defendants argued that it was Plaintiff's burden to plead and ultimately prove that he exhausted all administrative remedies, which requires proof that the government indeed received the FOIA requests at issue.  (Doc. 8, PAGEID# 99).  Defendants argued that the allegations in Plaintiff's Verified Complaint, and its attached documents, were insufficient to make such a showing.  (Id.)  To establish non-receipt of the FOIA requests, Defendants attached to their motion the above-referenced affidavit of Cincinnati's Deputy Civil Chief.  (Doc. 8-1).  Defendants further argued that, regardless of whether the Cincinnati USAO received the requests, Plaintiff's FOIA claim still fails because the Cincinnati USAO is not the component designated under FOIA to receive such requests.  (Doc. 8, PAGEID# 99).

The same day that Defendants moved to dismiss, Plaintiff sought leave to amend his Verified Complaint.  Plaintiff argued that his proposed amendments "will assist the Court with additional information . . . as to whether the Defendant[s] acted arbitrarily or capriciously regarding the failure to respond to Carter's FOIA request."  (Doc. No. 9, PAGEID# 105).  Plaintiff proposed various amendments (Doc. No. 9-1) pertaining to the "wrongful conduct" and "false accusations" of the government.  He states that unless the government "provide[s] the certified records pursuant to [his] FOIA request," the Court will continue to be "misled and deceived . . . by the government employees involved in [his] investigation and prosecution" and Plaintiff will "continue to be unjustly incarcerated."  (Doc. No. 9-1, PAGEID# 111-12).

### b. Report and Recommendation

On August 16, 2016, the Magistrate Judge issued a Report & Recommendation addressing the government's motion to dismiss. The Magistrate Judge rejected Defendants' Rule 12(b)(1) argument, reasoning that "Congress has not given a clear statement that a plaintiff's failure to exhaust administrative remedies strips a federal court of jurisdiction to consider his complaint." Carter v. United States, No. 1:16-cv-530, 2016 U.S. Dist. LEXIS 108317, at *6 (S.D. Ohio Aug. 16, 2016) (Doc. No. 14, PAGEID #232). However, the Magistrate Judge recommended dismissal on the basis that failure to exhaust administrative remedies "may still be grounds for dismissal of plaintiff's complaint under Rule 12(b)(6) for failure to state a claim on which relief can be granted." Id. at *7 (Doc. No. 14, PAGEID# 233). Because the parties supported their arguments regarding exhaustion with documents beyond the pleadings, the Magistrate Judge converted the motion to dismiss into a motion for summary judgment. Ultimately, the Magistrate Judge recommended dismissal because, as part of his purported burden to prove that he exhausted his administrative remedies, "plaintiff failed to meet his burden of establishing that the [USAO] received his FOIA request." (Doc. No. 14, PAGEID# 235). The R&R does not address Plaintiff's Motion to Amend.

### c. Objections to the R&R

On September 8, 2016, Plaintiff timely filed the following objections to the Magistrate Judge's R&R:

1. Based upon the USPS's August 19, 2016 proof of receipt confirming that the United States Attorneys [sic] Office for the Southern District of Ohio (USAO) signed for and received the February 8, 2016 FOIA Request, the Report erroneously bases its Recommendation on the wholly unreliable testimony of [Cincinnati's Deputy Civil Chief];

4

2. Based upon the USPS's August 19, 2016 proof of receipt confirming the USAO received the February 8, 2016 FOIA Request and the Defendant's failure to respond within the required statutory time limit, Carter has constructively exhausted his administrative remedy, granting this Court jurisdiction over this case;

3. The Report fails to give Carter the required notice of the Court's intent to convert the Defendant's motion to dismiss to a motion for summary judgment and the consequences of the same, prejudicially depriving Carter of his opportunity to conduct discovery, and present new evidence to support his record;

4. The report erroneously relies upon the prestige of the government, causing prejudicial effect upon Carter. Thus, the Report must be denied;

5. Because competing affidavits show a genuine factual dispute about whether or not Defendant received the February 8, 2016 FOIA Request, the Report erroneously makes a Recommendation for summary judgment prior to the resolution of the dispute. Thus, summary judgment is premature and not appropriate;

6. The Report, as required by Rule 56, fails to view the evidence in the light most favorable to the opposing party. Thus, Carter, who opposes, objects to the recommendation for summary judgment; and

7. The Report fails to consider the normal course and ordinary business practice in receiving mail by the USAO.

In light of the R&R's emphasis on Plaintiff's failure to meet his burden of proof regarding exhaustion, Plaintiff attached to his objections new evidence to support that his FOIA requests were sent to and received by the USAO in Cincinnati, in the form of Plaintiff's September 2, 2016 affidavit attaching a "proof of receipt" provided to him by the USPS. The proof of receipt purports to show the signature of the individual signing for the package associated with the above-referenced tracking number, as well as a handwritten address for the signer. Below the signature and handwritten address, the following statement appears: "The above signature containing the address and signature of the recipient is provided to the customer as a proof of receipt that was provided after the actual certified letter was received by the recipient. This is provided as a service to the sender on August 19, 2016." The foregoing statement purports to bear the signature of Joy Andreasen, General Clerk of the USPS, with a stamp stating "Winchester VA August 19, 2016."

### III. ANALYSIS

#### A. Plaintiff's Objections to the R&R

##### 1. Standard of Review

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." Id.; 28 U.S.C. § 636(b)(1).

##### 2. The Court Accepts the Magistrate Judge's Recommendation, but Orders Dismissal on Rule 12(b)(6) Grounds Rather than Rule 56 Grounds

The Magistrate Judge's R&R, and Plaintiff's objections, relate to the legal requirement that FOIA plaintiffs exhaust their administrative remedies before seeking judicial review. Again, the Magistrate Judge recommends dismissal pursuant to Rule 56 on the basis that Plaintiff failed to adequately plead and prove exhaustion. The Court largely agrees with the Magistrate Judge's analysis of exhaustion under FOIA, except to the extent that the Magistrate Judge places the burden of pleading and proving exhaustion on FOIA plaintiffs.[2] The Court clarifies the burden below, but ultimately adopts the Magistrate Judge's recommendation on Rule 12(b)(6) grounds rather than Rule 56 grounds.

---

[2] Carter, 2016 U.S. Dist. LEXIS 108317, at *9-10 (citing Ye v. Holder, 624 F. Supp. 2d 121, 124 (D.D.C. 2009); Tunchez v. United States DOJ, 715 F. Supp. 2d 49, 53 (D.D.C. 2010)). As further discussed below, the Court does not find the foregoing cases persuasive on the issue of burden. Ye does not expressly state that a plaintiff bears the burden of proving exhaustion in a FOIA case, and Tunchez fails to cite authority from any United States Court of Appeals pertaining to the burden in a FOIA case. Furthermore, it appears that at least one later case from the District of Columbia has reached the opposite conclusion regarding the burden to plead and prove exhaustion in FOIA cases. Pinson v. United States DOJ, 79 F. Supp. 3d 250, 253 (D.D.C. 2015) ("Failure to exhaust is treated as an affirmative defense that a defendant waives when he does not raise it.").

### a. The Burden of Pleading and Proving Exhaustion (or Non-Exhaustion)

In 2007, the Supreme Court of the United States held that failure to exhaust administrative remedies should – absent contrary language in the statute that creates the cause of action – be regarded as an affirmative defense for which the defendant bears the pleading and proof burdens. Jones v. Bock, 549 U.S. 199, 212, 127 S. Ct. 910, 919 (2007) (analyzing the burden of pleading and proving exhaustion under the Prison Litigation Reform Act of 1995). Indeed, "Jones v. Bock overruled a long line of Sixth Circuit cases that placed the burden of pleading and supporting exhaustion on plaintiffs." Choiniere v. Citchen, No. 08-14853, 2010 U.S. Dist. LEXIS 26490, at *8-9 (E.D. Mich. Feb. 22, 2010). Specifically, the Supreme Court held that, if a federal statute "deal[s] extensively with exhaustion, but is silent on the issue whether exhaustion must be pleaded or is an affirmative defense," this constitutes "strong evidence" that Congress intended "the usual practice [to] be followed" – and the usual practice under the Federal Rules regards "exhaustion as an affirmative defense" for which defendants bear the pleading and proof burdens. Jones, 549 U.S. at 212. However, the non-exhaustion defense may be invoked at the Rule 12(b)(6) phase – without converting the motion to dismiss into a motion for summary judgment – when the defense appears on the "face" of the complaint. Jones, 549 U.S. at 215.

The plain language of FOIA suggests that the "usual practice" should be followed because it "deals with" exhaustion, 5 U.S.C. 552(a)(6)(C), but is silent on the issue of burden. While the Sixth Circuit has not yet interpreted the exhaustion language in FOIA against the backdrop of Jones, other federal courts considering Jones's effect in FOIA cases have concluded that non-exhaustion is an affirmative defense. See, *e.g.*, Moon v. Fed. Bureau of Prisons, 642 Fed. Appx. 651, 652 (8th Cir. 2016) ("[T]he argument of non-exhaustion is an affirmative defense rather than a pleading requirement[.]"); Marshall v. BATFE, No. 10-21424-CIV-UNGARO/GOODMAN, 2011 U.S. Dist. LEXIS 29345, at *3 (S.D. Fla. Jan. 31, 2011) ("exhaustion is an affirmative defense of

the *government,* not a pleading requirement of the plaintiff") (emphasis in original). While there are relatively recent FOIA cases that place the exhaustion burden on plaintiffs, those cases do not cite or interpret Jones, and this Court thus finds them unpersuasive. See, *e.g.*, Ehret v. United States DOD, No. 1:14-CV-725, 2014 U.S. Dist. LEXIS 184166, at *11 (W.D. Mich. Dec. 9, 2014) ("The burden to demonstrate proper exhaustion rests with Plaintiff, who must present proof of exhaustion of administrative remedies in order to obtain judicial review"); Lenkiewicz v. Castro, 118 F. Supp. 3d 255, 260 (D.D.C. 2015) ("The plaintiff bears the burden to plead and prove administrative exhaustion."); Tunchez, 715 F. Supp. 2d at 53.[3]

Accordingly, for purposes of evaluating Plaintiff's Objections to the R&R, this Court views non-exhaustion as an affirmative defense for which the government bears the pleading and proof burdens. The Court could evaluate whether Defendants sustained their burden on Rule 56 grounds, which would require analysis of the competing evidence the parties have submitted (including an analysis of whether the Court should consider the new evidence Plaintiff attaches to his objections). However, under Jones, such an analysis is unnecessary if an affirmative defense appears on the face of a plaintiff's complaint. Jones, 549 U.S. at 215. Under Jones, the question for this Court becomes whether Defendants' non-exhaustion defense is facially apparent in light of the law on

---

[3] The Court notes that there is one unpublished Sixth Circuit opinion that affirmed dismissal of a FOIA claim under Rule 12(b)(6) because plaintiffs "did not allege that they made a proper FOIA request, that the records requested fall within FOIA, and that they exhausted administrative remedies prior to filing suit in federal court." Sykes v. United States, 507 Fed. Appx. 455, 463 (6th Cir. 2012) (citing Davis v. City of Dearborn, No. 2:09-cv-14892, 2010 U.S. Dist. LEXIS 91670 (E.D. Mich. Sept. 2, 2010)). Arguably, Sykes could be interpreted as the Sixth Circuit's endorsement of a plaintiff-borne exhaustion burden. However, it appears that a thorough analysis of the exhaustion burden (and Jones) was not necessary in Sykes because the plaintiffs failed to plead *any* of the elements of a FOIA claim. Accordingly, this Court notes the unpublished Sykes opinion for its persuasive value, Thompson v. N. Am. Stainless, LP, 567 F.3d 804, 809 n.2 (6th Cir. 2009) (*en banc*), but is not convinced that the Sixth Circuit – without analyzing Jones – intended to hold as a matter of black letter law that the burden to plead and prove exhaustion in FOIA cases rests with the plaintiff.

constructive exhaustion.

### b. Constructive Exhaustion

"Constructive exhaustion occurs when [an] agency fails to comply with the applicable time limit provisions of 5 U.S.C. § 552(a)(6)(C)." United States Dep't of Veterans Affairs, No. 1:13-cv-494, 2013 U.S. Dist. LEXIS 126071, at *13 (N.D. Ohio Sept. 4, 2013). "These time limitations in which an agency must respond to an otherwise proper FOIA request only commence[] once the request is received by a component of the agency 'that is designated in the agency's regulations under [FOIA] to receive [FOIA] requests.'" Id. at *14 (emphases added) (citing 5 U.S.C. § 552(a)(6)(A)(ii)).

"Component" – as the term is used in the Freedom of Information Act – means "each separate bureau, office, division, commission, service, center, or administration that is designated by the Department as a primary organizational entity." 28 CFR 16.1(b) (emphasis added). For purposes of FOIA requests directed to United States Attorneys, the office "designated by the Department as a primary organizational entity" – that is, the "component" as that term is defined in 28 CFR 16.1(b) – is the "Executive Office for the United States Attorneys" in Washington, D.C. See DOJ Reference Guide, Attachment B, "Descriptions of DOJ Components and Related Information," available at: http://www.justice.gov/oip/04_3.html) (incorporated in 28 CFR 16.1(a)). While there is a FOIA regulation governing how "misdirected [FOIA] requests" should be handled, the regulation only obligates a "component's FOIA office" to "route the request to the FOIA office of the proper component(s)." 28 CFR § 16.4(c) (emphases added).

Because the government's deadline to respond to FOIA requests is not triggered until the designated component receives the FOIA request, Stewart, 2013 U.S. Dist. LEXIS 126071, at *13, FOIA plaintiffs who fail to send their requests to the designated component in the first place do not trigger the constructive exhaustion clock. Godaire v. Napolitano, 3:10-cv-01266, 2010 U.S. Dist.

LEXIS 122237, at *18-19 (D. Conn. Nov. 17, 2010) (rejecting constructive exhaustion theory where allegations revealed that plaintiff's "FOIA request was [not] sent to or received by a DOHS component that is designated to receive FOIA requests under the agency's own regulations": reasoning that the "20-day period in which an agency must to respond . . . only commences" once the request is received by the proper component); Salanitro v. United States OPM, 3:10-cv-363-J-32JBT, 2011 U.S. Dist. LEXIS 73734, at *11 (M.D. Fla. July 8, 2011) (rejecting constructive exhaustion theory because plaintiff failed to send FOIA request "to the proper OPM office as identified in the OPM's regulations"); Lowe v. DEA, No. 06—11332007, 2007 U.S. Dist. LEXIS 52535, at *16 (D.D.C. July 22, 2007) (dismissing FOIA claim because plaintiff's "request . . . was sent to the Chicago office of the DEA rather than" either of the offices designated in the applicable regulation); Robert v. DOJ, No. 99-CV-3649, 2001 U.S. Dist. LEXIS 27282, at *24-25 (E.D.N.Y. Mar. 22, 2001) (dismissing FOIA claim because of plaintiff's failure to direct FOIA request to component authorized to receive FOIA requests).

### c. The Non-Exhaustion Defense Appears on the Face of Plaintiff's Verified Complaint

Even though this Court disagrees with the R&R to the extent that it places the burden of pleading and proving exhaustion on FOIA plaintiffs, the Court ultimately agrees with the Magistrate Judge's conclusion that Plaintiff's claim must be dismissed.

Here, Plaintiff's Verified Complaint alleges that he sent his February 8, 2016 FOIA request to the USAO in Cincinnati (Doc. 3, PAGEID# 54-55, ¶¶14, 16), which is not the component designated in the FOIA Reference Guide incorporated in 28 CFR 16.1(a).  Plaintiff concedes that he did not send his FOIA request to the Executive Office in Washington D.C. (Doc. 12, PAGEID# 221), but argues that dismissal is not warranted because his letter directed to the Cincinnati USAO "requested that [it] be forwarded to the appropriate office 'for timely processing.'"  (Id.).  Plaintiff suggests that Defendants are thus barred from arguing non-exhaustion, reasoning that "[u]pon

receipt of a request, defendant is required, pursuant to 28 C.F.R. 16.4, to forward the request to the appropriate office or component of the USDOJ for timely and proper processing." (Id.) This is an inaccurate statement of the regulation governing "re-routing of misdirected requests," which states: "Where a <u>component's</u> FOIA office determines that a request was misdirected within the Department, the receiving <u>component</u>'s FOIA office shall route the request to the FOIA office of the proper <u>component</u>(s)." 28 CFR 16.4(c)(emphases added). The plain language of the regulation only applies to Department of Justice <u>components</u> (*e.g.*, the Executive Office for United States Attorneys), and the Cincinnati USAO has not been designated as a component. 28 C.F.R. 16.1(a). Similarly, inter-component "referrals" are premised on the notion that a designated component receives the FOIA request in the first place: "When the <u>component</u> processing the request believes that a different component, agency, or other Federal Government office is best able to determine whether to disclose the record, the <u>component</u> typically should refer the responsibility for responding to the request regarding that record, as long as the referral is to a component or agency that is subject to the FOIA." 28 CFR 16.4(d)(2)(i) (emphases added).

     Because the face of Plaintiff's Verified Complaint shows that his February 8, 2016 request was sent to the Cincinnati USAO – not the Department of Justice component in Washington, D.C. – the time limits within which the government must respond have not yet been triggered. <u>Godaire</u>, 2010 U.S. Dist. LEXIS 122237, at *18-19; <u>Salanitro</u>, 2011 U.S. Dist. LEXIS 73734, at *11; <u>Lowe</u>, 2007 U.S. Dist. LEXIS 52535, at *16; <u>Robert</u>, 2001 U.S. Dist. LEXIS 27282, at *24-25. To ensure efficient processing, and responsible use of the judicial review mechanism, FOIA plaintiffs must respect the requirement that requests be sent to a designated component. Accordingly, the face of Plaintiff's Verified Complaint shows a defect in Plaintiff's efforts to constructively exhaust.[4]

---

[4] As the Magistrate Judge notes (Doc.14, PAGEID# 237, n. 1), nothing forecloses Plaintiff from correcting his requests' deficiencies and resubmitting them. Thereafter, Plaintiff may seek judicial review if the government fails to respond within the required time limits.

### d. Plaintiff's Objections to the R&R are Overruled

Plaintiff's objections to the R&R challenge the Magistrate Judge's application of Rule 56 to FOIA's exhaustion requirements, and fall into two categories: (1) an objection relating to the notice Plaintiff received before the Magistrate Judge converted Defendants' motion to dismiss into a motion for summary judgment (Obj. No. 3); and (2) objections relating to the Magistrate Judge's assessment of the parties' evidence. (Obj. Nos. 1-2, 4-7). However, this Court has found an analysis of the competing evidence (and Plaintiff's new "proof of receipt") unnecessary because the Verified Complaint itself establishes Defendants' affirmative defense; thus, Plaintiff's objections have become moot:

First, pre-conversion notice has become a non-issue. Because this Court dismisses on Rule 12(b)(6) grounds, it is unnecessary to determine whether Plaintiff received sufficient notice of the Magistrate Judge's intent to convert the motion to dismiss into a motion for summary judgment. Plaintiff's notice objection (Obj. No. 3) is overruled as moot.

Second, because the government's affirmative defense is apparent on the face of the Verified Complaint, it is unnecessary to determine whether the Magistrate Judge properly evaluated outside evidence. Furthermore, Plaintiff's new evidence that he urges this Court to consider, *i.e.*, the "proof of receipt" from the USPS, only serves to confirm Plaintiff's failure to submit his FOIA requests to the government component designated in the relevant regulations. Accordingly, the remainder of Plaintiff's objections – which challenge the R&R's assessment of the evidence under Rule 56 (Nos. 1-2, 4-7) – are also overruled as moot. Nelson v. Jackson, 2:12-cv-1167, 2014 U.S. Dist. LEXIS 18422, at *4-5 (S.D. Ohio Feb. 13, 2014). Accord: Stone v. City of Grand Junction, 765 F. Supp. 2d 1060, 1070 (W.D. Tenn. 2011) ("However, as the Court need not consider Sarah Stone's affidavit in rendering its decision, the objection is denied as moot.").

### B. Plaintiff's Motion to Amend

"While leave to amend generally should be freely given when justice so requires, the court need not allow amendment when the amendment would be futile." Perdue v. Morgan, No. 1:13-cv-878, 2014 U.S. Dist. LEXIS 138758, at *9 (S.D. Ohio Sept. 30, 2014) (citing Miller v. City of Columbus, 52 F. App'x 672, 674 (6th Cir. 2002)).

In his Motion to Amend, Plaintiff asserts that his proposed amendments "will assist the Court with additional information . . . as to whether the Defendant[s] acted arbitrarily or capriciously regarding the failure to respond to Carter's FOIA request." (Doc. 9, PAGEID# 105). Plaintiff then proposes various amendments pertaining to the "wrongful conduct" and "false accusations" of the government in connection with his criminal trial. (Doc. 9-1). He states that unless the government "provide[s] the certified records pursuant to [his] FOIA request," the Court will continue to be "misled and deceived . . . by the government employees involved in [his] investigation and prosecution," and Plaintiff will "continue to be unjustly incarcerated." (Doc. 9-1, PAGEID# 111-12). Plaintiff does not propose any amendments that change the fact that he sent his FOIA requests to a non-component office. (Doc. 12, PAGEID# 221). Accordingly, even if this Court were to allow amendment, such amendment would be futile because Defendants' affirmative defense of non-exhaustion still appears on the face of the Verified Complaint. Jones, 549 U.S. at 215. Accord: Godaire, 2010 U.S. Dist. LEXIS 122237, at *19. Plaintiff's Motion to Amend is thus denied.

Because this Court is granting a dispositive motion, and amendment would be futile, this Court need not consider the remaining motions pending on the docket. However, this Court will note that many of the remaining motions – including a motion for emergency injunctive relief (Doc. 11), a motion for declaratory judgment (Doc. 18), and a recent "Notice of Deception/Misrepresentation by the United States Attorneys [sic] Office/Request for Judicial

13

Notice" (Doc. 22) – seek relief in the form of court orders essentially declaring wrongdoing by the government during the course of Plaintiff's criminal trial.  Plaintiff is hereby advised and cautioned that a cause of action to obtain documents under the Freedom of Information Act is not the vehicle through which a party may obtain a court order invalidating or otherwise challenging an earlier criminal conviction.

IV. **CONCLUSION**

Except as otherwise stated above, this Court **ADOPTS** the Report and Recommendation (Doc. 14) of the Magistrate Judge.  Accordingly, it is **ORDERED** that:

(1) Plaintiff's Objections (Doc. 17) to the Report and Recommendation are **OVERRULED**, and Plaintiff's Verified Complaint is **DISMISSED** without prejudice.

(2) Plaintiff's Motion to Amend/Supplement Original Complaint (Doc. 9) is **DENIED;** and

(3) Plaintiff's remaining motions (Doc. Nos. 11, 13, 18, 19, 20, and 22) are **DENIED AS MOOT**.

This matter shall be **CLOSED** and **TERMINATED** from the docket of this Court.  **IT IS SO ORDERED**.

/s/ Michael R. Barrett_____
Michael R. Barrett, Judge
United States District Court